**CONSUMER LITIGATION LAW CENTER, APC**
September J. Katje, Esq. (SBN 227896)
100 N. Barranca Ave., Suite 700
West Covina, CA 91791
Telephone: (800) 787-5616
Fax: (888) 909-7947
sk@consumerlitigationlawcenter.com

Attorney for Plaintiff, SHARON BROTHERS, an individual

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| SHARON BROTHERS, an individual<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY, N.A.; BNY MELLON FKA THE BANK OF NEW YORK; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>Defendants. | ) CASE NO:  5:12-cv-03121-EJD<br>)<br>) **PLAINTIFF'S OPPOSITION TO**<br>) **DEFENDANTS' MOTION TO DISMISS**<br>) **PLAINTIFF'S FIRST AMENDED**<br>) **COMPLAINT; MEMORANDUM OF**<br>) **POINTS AND AUTHORITIES IN**<br>) **SUPPORT THEREOF**<br>)<br>) **Hearing Date:**<br>) **Date:   September 28, 2012**<br>) **Time:  9:00 a.m.**<br>) **Ctrm:  4**<br>) **Judge:  Hon. Edward J. Davila**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Plaintiff, SHARON BROTHERS, herein submits her Opposition to Defendants', BANK

OF AMERICA, N.A. ("BANA"), COUNTRYWIDE HOME LOANS, INC. ("CHL"), and THE

BANK OF NEW YORK MELLON's ("BONY"), Motion to Dismiss Plaintiff's First Amended

Complaint.  Plaintiff opposes Defendants' Motion to Dismiss on the grounds that her Complaint does state valid causes of action and that Defendants' Motion to Dismiss is without merit.

The Opposition shall be based on this Opposition, the attached Memorandum of Points and Authorities, on the complete files and records of this action, and on such other oral and/or documentary evidence as may be presented at the hearing on the Motion.

Dated:  August 3, 2012                    CONSUMER LITIGATION LAW CENTER, APC


BY: */s/ SEPTEMBER J. KATJE*_____

September Katje
Attorney for Plaintiff,
SHARON BROTHERS

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................... 1

II. STATEMENT OF FACTS ................................................................................. 1

III. THE APPLICABLE LEGAL STANDARD ...................................................... 1

IV. PLAINTIFF'S FAC IS SUFFICIENT. ............................................................ 2

  A. Plaintiff's FAC Satisfies Rule 8's Requirements ................................. 2

  B. Plaintiff is Not Required to Allege Tender Because Her Claims Attack the Underlying Debt and Requiring Tender Would Be Inequitable. ........................... 3

  C. Defendants Violated the Statutory Requirements for Foreclosure. ........................ 4

  D. Plaintiff's Claims are Not Brought Directly Under HAMP ................................ 6

  E. BANA is a Successor in Interest to CHL ............................................ 7

  F. Plaintiff's Causes of Action are Sufficient. ...................................... 8

    1. Plaintiff's Claims Have a Private Right of Action ................................ 8

      a. California Civil Code Section 2923.5. ...................................... 8

      b. California Civil Code Section 2924. ........................................ 8

      c. California Civil Code Section 2923.6. ...................................... 9

      d. California Civil Code Section 1920. ........................................ 9

      e. RESPA ......................................................................... 9

    2. Plaintiff's Seven Claims are Timely. ................................................ 9

    3. Plaintiff's Claims Warrant Equitable Tolling. ................................... 11

V. Plaintiff Stated Valid Claims. ........................................................... 11

  A. Plaintiff Stated a Claim for Fraud & Intentional Misrepresentation .................... 11

    1. Plaintiff's Fraud Claim Satisfies Rule 9(b). ..................................... 11

    2. Plaintiff Pled Misrepresentation & Intent. ....................................... 12

    3. Plaintiff Pled Actual Reliance and Resulting Damages. ........................... 12

    4. Plaintiff Pled Fraudulent Concealment. ........................................... 13

  B. Plaintiff's Second, Third, and Fourth Claims. ..................................... 14

    1. Plaintiff Stated a Claim for Violation of Civil Code Section 2923.5. ............ 14

2.    Civil Code Section 2923.5 is Not Preempted. ........................... 15

3.    Plaintiff Stated a Claim for Violation of Civil Code Section 2924. ......... 16

4.    Plaintiff's Claim for Violation of Civil Code section 2923.6. ................. 16

C.    Plaintiff Stated a Claim for Violation of RESPA ................................. 16

D.    Plaintiff Stated a Claim for Breach of Contract. ................................. 16

E.    Plaintiff Stated a Claim for Breach of the Implied Covenant. ............................. 17

F.    Plaintiff Stated a Claim for Violation of TILA. ................................. 18

G.    Plaintiff Stated a Claim for Rescission. ................................. 19

H.    Plaintiff Stated a Claim for Predatory Lending. ................................. 20

1.    Plaintiff Has Standing to Assert a UCL Claim. ........................ 20

2.    Plaintiff Has Alleged Wrongful Conduct. ................................. 20

a.    Plaintiff Adequately Pled Defendants' Actions were Unlawful. ........ 20

b.    Plaintiff Pled Defendants' Actions were Unfair. ............................. 21

c.    Plaintiff Pled Defendants' Actions were Fraudulent. ........................ 22

3.    Plaintiff Alleged the Predatory Lending Statute. ...................................... 22

I.    Plaintiff Stated a Claim for Unfair and Deceptive Business Acts. ...................... 22

J.    Plaintiff Stated a Claim for Negligent Misrepresentation. ................................... 23

K.    Plaintiff Stated a Claim for Quiet Title. ................................. 25

VI.    CONCLUSION ................................................. 25

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..........................................................................................2, 3

*Aspray v. Federal Home Loan Mortg. Corp.,*
   No. CV 11-299 PSG (DTBx), 2011 WL 1532326 (C.D.Cal. 2011)..........................................9

*Bear Stearns & Co. v. Daisy Sys. Corp.,*
   97 F.3d 1171 (9th Cir. 1996) .........................................................................23

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..........................................................................................2, 3

*Bloom v. Martin,*
   865 F. Supp. 1377 (N.D.Cal. 1994) ..............................................................9

*Boschma v. Home Loan Center, Inc.,*
   198 Cal. App. 4th 230 (2011)........................................................................14

*Broam v. Bogan,*
   320 F.3d 1023, 1028 (9th Cir. 2003) ............................................................3

*Broberg  v. Guardian Life Ins. Co. of America,*
   171 Cal. App. 4th 912 (2009) ........................................................................10

*Cannon v. University of Chicago,*
   441 U.S. 677 (1979).........................................................................................8

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999) ....................................................................................19

*Cervantes v. City of San Diego,*
   5 F.3d 1273 (9th Cir. 1993) ............................................................................2

*Committee on Children's Television, Inc. v. General Foods Corp.,*
   35 Cal.3d 197 (1983) ......................................................................................20

*Conley v. Gibson,*
   355 U.S. 41 (1957)...........................................................................................2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Daum v. SpineCare Medical Group, Inc.*,

   52 Cal. App. 4th 1285 (1997) ...................................................................................... 5

*Frist Commercial Mortgage, Co. v. Reece*,

   89 Cal. App. 4th 731 (2001) ...................................................................................... 16

*Gilligan v. Jamco Dev. Corp.*,

   108 F.3d 246 (9th Cir. 1997) ...................................................................................... 2

*Gregory v. Albertsons, Inc.*,

   104 Cal. App. 4th 853 (2002) ...................................................................................... 23

*Hartford Fire Ins. Co. v. California*,

   509 U.S. 764 (1993) ...................................................................................... 2

*Howard v. American Nat. Fire Ins. Co.*,

   187 Cal. App. 4th 498 (2010) ...................................................................................... 17

*Humboldt Sav. Bank v. McCleverty*,

   161 Cal. 285 (1911) ...................................................................................... 4, 19

*In re Marriage of Benson*,

   36 Cal.4th 1096 (2005) ...................................................................................... 16

*Jolly v. Eli Lilly & Co.*,

   44 Cal.3d 1103 (1988) ...................................................................................... 10

*Karlsen v. American Savings & Loan Assn.*,

   15 Cal. App. 3d 112 (1971) ...................................................................................... 3

*Mabry v. Superior Court*,

   185 Cal. App. 4th 208 (2010) ...................................................................................... 4, 8, 9

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*,

   6 Cal. App. 4th 603 (1992) ...................................................................................... 14

*Masters v. San Bernardino County Employees Retirement Ass'n*,

   32 Cal. App. 4th 30 (1995) ...................................................................................... 23

*Moss v. U.S. Secret Serv.*,

   572 F.3d 962 (9th Cir. 2009) ...................................................................................... 3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Nymark v. Heart Fed. Savings & Loan Ass,.*
    231 Cal. App. 3d 1089 (1991) ........................................................................ 24

*People v. Casa Blanca Convalescent Homes Inc.,*
    195 Cal. App. 3d 509 (1984) ................................................................... 21, 23

*People v. Superior Court,*
    9 Cal.3d 283 (1973) ....................................................................................... 20

*Perez v. 222 Sutter St. Partners,*
    222 Cal. App. 3d 938 (1990) ........................................................................... 7

*Petropoulous v. Department of Real Estate,*
    142 Cal. App. 4th 554 (2006) .......................................................................... 8

*Puentes v. Wells Fargo Home Mortgage, Inc.,*
    160 Cal. App. 4th 638 (2008) ........................................................................ 21

*Quelimane Co. Inc. v. Stewart Title Guar. Co.,*
    19 Cal.4th 26 (1998) ...................................................................................... 20

*Rutman Wine Co. v. E. & J. Gallo Winery,*
    829 F.2d 729 (9th Cir. 1987) ............................................................................ 2

*Saunders v. Superior Court,*
    27 Cal. App. 4th 832 (1994) .................................................................... 20, 22

*Scheuer v. Rhodes,*
    416 U.S. 232 (1974) .......................................................................................... 2

*Skov v. U.S. Bank Nat. Ass'n,*
    No. CV153635, 2012 WL 2054996 (June 8, 2012) ......................................... 6

*Socop-Gonzalez v. I.N.S.,*
    272 F.3d 1176 (9th Cir. 2001) ....................................................................... 11

*Storm v. America's Servicing Company,*
    No. 09CV1206-IEG (JMA), 2009 WL 3756629 (S.D.Cal. Nov. 6 2009) .................................. 4

*Velazquez v. GMAC,*
    605 F. Supp. 2d 1049 (C.D.Cal. 2008) ........................................................ 7, 8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Yulaeva v. Greenpoint Mortg. Funding, Inc.,*
   No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393 (E.D.Cal. Sept. 3, 2009)........................... 9

**STATUTES**

12 U.S.C. § 2603 ........................................................................................................ 12

12 U.S.C. § 2605(e) .................................................................................................... 12

12 U.S.C. § 2605(f) ..................................................................................................... 12

15 U.S.C. § 1635(f) ..................................................................................................... 13

15 U.S.C. § 43 ...................................................................................................... 25, 26

Cal. Bus. & Prof. Code § 17208 ................................................................................. 13

Cal. Bus. & Prof. Code §§ 17200, et seq. .............................................................. 5, 24

Cal. Civ. Code § 1550 ................................................................................................. 19

Cal. Civ. Code § 1572 ................................................................................................. 24

Cal. Civ. Code § 1573 ................................................................................................. 24

Cal. Civ. Code § 1710 ................................................................................................. 24

Cal. Civ. Code § 1920 ................................................................................................. 13

Cal. Civ. Code § 1921 ................................................................................................. 13

Cal. Civ. Code § 2923.5 ..................................................................................... 6, 7, 27

Cal. Civ. Code § 2923.6 ..................................................................................... 11, 18

Cal. Civ. Code § 2924(g)(2) ......................................................................................... 7

Cal. Code Civ. Proc. § 338(a) ..................................................................................... 13

Cal. Code Civ. Proc. § 338(d) .............................................................................. 12, 13

Cal. Code Civ. Proc. § 761.010 .................................................................................. 29

Cal. Fin. Code §§ 4970 et seq. .................................................................................... 26

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 1, 2, 3

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 2

**TREATISES**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989)

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Deeds of Trust & Mortgages § 9:154, p. 508-509, fn. 86 ............................................. 4

Res.2d Contracts, § 205 ................................................................................................. 17

**OTHER AUTHORITIES**

Cal. Practice Guide Civ. Pro. Before Trial Statute of Limitations Ch. 4-E ................................ 10

William P. O'Neill,

   *Advanced Issues in Strategic Alliances*, 1193 PLI/Corp. 352, 391 (July 2000) ......................... 8

.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff filed a Complaint against Defendants on May 14, 2012 for among other things, fraud in the origination of the loan, unfair business practices, and breach of contract.  Defendants filed a Motion to Dismiss on June 21, 2012.  Despite Defendants' misleading allegations, Plaintiff considered each allegation in Defendants' Motion to Dismiss, and filed a First Amended Complaint ("FAC") revising her entire complaint on July 5, 2012.   Nevertheless, Defendants again responded by filing a Motion to Dismiss Plaintiff's FAC.

### II.   STATEMENT OF FACTS

Plaintiff is the owner of the real property located at 31 Lincoln Street, Watsonville, CA 95076 (hereinafter referred to as "Subject Property").  (FAC ¶ 17.)  On August 26, 2006, Plaintiff obtained a 40 year fixed rate mortgage for the principal sum of $560,000.00 from COUNTRYWIDE HOME LOANS, INC. ("CHL") secured by a deed of trust.  (FAC ¶ 18.) Despite Defendants' assurances throughout the loan application process, the loan that Plaintiff obtained did not have an interest rate of 3-4% (6.735%).  (FAC ¶ 28.)  The loan did not have a thirty year term (forty year term.  (FAC ¶ 28.)  Further, Defendants grossly misstated Plaintiff's income on the loan application that was used to obtain her loan.  (FAC ¶ 28.)

As a result of obtaining the loan based on falsified information, Plaintiff inevitably had to seek a loan modification.  (FAC ¶ 30.)  While Defendants appeared to entertain Plaintiff's loan modification requests, the process was marred by misrepresentations, lengthy delays, repeated requests for documents, extended trial modifications, unreasonable permanent modification offers, and ultimately denial.  (FAC ¶ 30-35.)  Foreclosure proceedings are now pending on Plaintiff's property.  (FAC ¶ 40.)

### III.   THE APPLICABLE LEGAL STANDARD

Rule 12(b)(6) motions are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  The standard for dismissal under Rule 12(b)(6) is a stringent one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears *beyond doubt* that

the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added).   The purpose of a Federal Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the claim for relief in the complaint.  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV.   **PLAINTIFF'S FAC IS SUFFICIENT**

### A.   **Plaintiff's FAC Satisfies Rule 8's Requirements.**

Rule 8(a)(2) only requires "a short plaint statement of the claim showing that the pleader is entitled to relief . . . ."  The sole question before the Court is whether Plaintiff's FAC alleges facts that support a plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("*Twombly*"); *Ashcroft v. Iqbal*,  556 U.S. 662, 663 (2009) ("*Iqbal*").  In *Twombly* and *Iqbal*, the Supreme Court maintained the well-established rule that courts must construe the complaint in the light most favorable to the plaintiff, accepting all well-pled factual allegations as true and drawing all reasonable inferences in plaintiff's favor.  *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 663.[1]  Rule 12(b)(6) motions are "viewed with disfavor and [are] rarely granted."  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  Dismiss with prejudice is only proper in "extraordinary cases."  *Id.*

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

---

[1] If the Court dismisses any claim for relief, it must then consider whether to grant leave to amend.  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and internal quotes omitted).  Plaintiff requests that this Court grant leave to amend any claims in which it finds that Plaintiffs failed to adequately plead their allegations.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

In the quintessential display of hyperbole Defendants do not merely contend that Plaintiff has not alleged sufficient facts, rather brazenly contend that Plaintiff has failed to allege <u>any</u> facts relating to her asserted claims. Plaintiff's claims are preceded by a section entirely dedicated to stating facts common to all causes of action (FAC ¶¶ 17-40) that are then reiterated pursuant to each applicable claim and tied to that claims individual elements. In total, Plaintiff's claims are alleged with specificity identifying dates supported by documentary evidence that at the very least raise questions of fact that must be given an opportunity to be evaluated through the discovery process or ultimately have a jury decide upon these questions of fact. Plaintiff's inability to at times name specific individuals and Defendants is a result of transfers, assignments, and/or sales of interests in Plaintiff's deed of trust and note that Plaintiff was not given notice of. For the most part, Plaintiff's claims are supported with such facts and documents that adequately notify Defendants of the specific conduct to which they are alleged to be the part of and therefore, at the very least, Plaintiff should be given an opportunity to amend her Complaint to cure any such instance that this Court raises as a defect.

> **B.** **Plaintiff is Not Required to Allege Tender Because Her Claims Attack the Underlying Debt and Requiring Tender Would Be Inequitable.**

A mortgagor who seeks to set aside a voidable sale must make a valid tender of payment of indebtedness. *Karlsen v. American Savings & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971). Thereby, Defendants contend that Plaintiff is required to provide tender and thus attempt to evade all liability for all actions contained herein under the umbrella of failure to allege tender i.e., the entire Complaint is barred by the tender rule.

However, there is no bright line rule that tender is required to state a valid quiet title claim. *Storm v. America's Servicing Company*, No. 09CV1206-IEG (JMA), 2009 WL 3756629 (S.D.Cal. Nov. 6 2009) at *6. Further, there are recognized exceptions to the tender requirement. Tender may not be required where the action attacks the validity of the underlying debt, since it would constitute an affirmation of the debt. *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997).

Plaintiff's first claim alleges that this loan was procured by fraud. Plaintiff alleges numerous instances of misrepresentation and concealment in the origination of Plaintiff's loan, as discussed in section III.C.1., *infra*. Plaintiff's fraud claim attacks the validity of the underlying debt. In addition, Plaintiff's claim for Defendants' breach of Business and Professions Code sections 17200, et seq. and unfair and deceptive business practices also attack the validity of the underlying debt. As such, alleging tender would constitute an affirmation of the debt, and invalidate Plaintiff's allegations in her Complaint. (FAC ¶ 14.)

In addition, there is a general equitable exception that "tender may not be required where it would be inequitable to do so." *Onofrio*, 55 Cal. App. 4th at 424 (quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages § 9:154, p. 508-509, fn. 86.) Tender may not be required if it would evident injustice and hardship of the right to attack the sale if it were made dependent upon an offer to pay the whole debt. *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911). The court in *Onofrio* did not require the plaintiff to tender the amount necessary to cure the default in support of plaintiff's claims for wrongful foreclosure proceedings. *Onofrio*, 55 Cal. App. 4th at 424. Similarly here, it would be an injustice and hardship to require Plaintiff to tender the full loan amount of the loan in order to attack the sale. Plaintiff's claims stem from a loan that arose from fraud and as a result Plaintiff obtained a loan that she could not afford. It would be an injustice and hardship to then require Plaintiff to tender the full loan amount of that loan in order to attack the sale. In addition, some of Plaintiff's causes of action specifically do not require tender. See *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). Therefore, Plaintiff should not be required to allege tender.

C.     <u>Defendants Violated the Statutory Requirements for Foreclosure.</u>

Courts have determined that "section 2923.5 operates substantively on lenders. They *must* do things in order to comply with the law." *Mabry*, 185 Cal. App. 4th at 221. "The key text of section 2923.5—'key' because of the substantive obligation it imposes on lenders— basically says that a lender cannot file a notice of default until the lender has contacted the borrower . . . to 'assess the borrower's financial situation and explore options for the borrower to

avoid foreclosure.'"  *Id.*  The lender may not file a notice of default until 30 days after this contact and good faith discussion has taken place.  Cal. Civ. Code § 2923.5(a)(1).

Defendants filed a notice of default on April 16, 2009.  (FAC ¶ 72.)  Plaintiff is informed and believes that (1) Defendants did not send Plaintiff a first class letter than included a toll-free number for HUD, (2) Defendants did not attempt to contact Plaintiff by telephone at least three times, at three hours, and on different days, and (3) Defendants did not send a certified letter to Plaintiff with return receipt requested.  (FAC ¶¶ 77-79.)  Thus, Defendants did not fulfill the obligations imposed upon them to assess Plaintiff's financial condition and explore foreclosure alternatives prior to recording the notice of default.  (FAC ¶ 80.)

Defendants contend they were in compliance with section 2923.5 and offer that a declaration attached to the notice of default provides definitive proof.  The attached declaration (Motion to Dismiss RJN Exhibit B) is a form declaration for several purposes with the box next to 2923.5 checked.  This is contradicted by Plaintiff's contention that she was not contacted prior to the filing of the notice of default.  Thus a factual dispute exists.

Whether a defendant has complied with a statute is a question of fact.  See *Daum v. SpineCare Medical Group, Inc.*  52 Cal. App. 4th 1285, 1306 (1997).  As stated in *Skov v. U.S. Bank Nat. Ass'n,* No. CV153635, 2012 WL 2054996 at *5 (June 8, 2012), whether the lender has complied with section 2923.5 in contacting the plaintiff as it asserts, assuming the truth of the plaintiff's allegations, cannot be resolved upon a motion to dismiss.  Therefore, Plaintiff stated a claim for violation of section 2923.5.

In addition, California Civil Code section 2924(g)(2) requires that if sale proceedings are postponed for a period or periods totaling more than 365 days, a new notice of sale must be provided prior to the scheduling of any further sale proceedings.  Plaintiff is informed and believes that Defendants recorded the notice of default on April 16, 2009 and the latest notice of trustee's sale was recorded on April 18, 2011.  (FAC ¶ 94.)  Thus, the sale proceedings have been postponed for a period or periods totaling more than 365 days.  (FAC ¶ 94.)  The scheduling of any further proceedings was not preceded by giving a new notice of sale in

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

violation of section 2924(g)(2).  (FAC ¶ 94.)  Therefore, Plaintiff stated a claim for violation of section 2924(g)(2).

Therefore, Defendants have violated the non-judicial statutory requirements.

**D.      Plaintiff's Claims are Not Brought Directly Under HAMP.**

Defendants' statement that all of Plaintiff's claims arise from her inability to secure a permanent loan modification that was to her liking is a gross mischaracterization of the events that transpired.  While Plaintiff was offered two trial loan modifications, one resulted in the permanent alleged loan modification that was approximately $2,700.00 per month, while Plaintiff's income at the time was only approximately $4,000.00 per month.  (FAC ¶ 228.)  To merely suggest that Plaintiff outright rejected the alleged modification implies the ability to reasonably make a choice, when the terms of the modification offered were unreasonable, unconscionable, and a self-serving act by BANA.  The second trial modification, which Plaintiff also timely made all payments, ended with Plaintiff not obtaining a permanent modification, despite BANA's representations that BANA would offer Plaintiff a reasonable permanent modification upon its completion thus forming an oral contract.  (FAC ¶ 230.)

Defendants shrewdly note that Plaintiff failed to identify any provision of California or federal law that requires Defendants to review and/or approve her for a loan modification  and loan modification to her approval because none exists.  Plaintiff has not stated a claim pursuant to HAMP.  Plaintiff's claims do not arise out of her not obtaining a permanent loan modification, but through her entering default because of Defendants' statements that Plaintiff must be in default before she could be considered for a HAMP modification, Defendants' subsequent disingenuous approach throughout the loan modification process that included offering knowingly unaffordable modifications, breaching oral contracts to offer a permanent loan modification, and a variety of tactics used to frustrate the modification process such as claiming Plaintiff did not provide the requisite documentation when Plaintiff had and transferring Plaintiff to different departments all in an effort to lengthen the process and continue to charge fees and/or penalties.  Defendants mischaracterize a good faith, reasonable or even viable loan modification offer with one that is to Plaintiff's satisfaction.

Defendants' contention that Plaintiff s claims for violation of Civil Code sections 2923.5, 2923.6, and 2924, breach of contract, breach of the implied covenant, violation of Business Code sections §§ et seq., intentional misrepresentation, and quiet title should be dismissed because they are premised entirely on alleged HAMP violations is thereby inaccurate.

**E.      BANA is a Successor in Interest to CHL.**

Successor in interest is defined as "[o]ne who follows another in ownership or control of property." *Perez v. 222 Sutter St. Partners*, 222 Cal. App. 3d 938, 948 (1990).  Defendants contend that BANA is a separate legal entity from CHL and BANA is not a successor of CHL, thus, Plaintiff has erroneously brought her origination-based claims against BANA.  Plaintiff's loan was procured by fraud, by a scheme and process of nondisclosures that was of no fault of Plaintiff.  The notice of trustee's sale dated July 30, 2009 includes a declaration indicating BAC HOME LOANS, SERVICING, LP was the servicer of the loan and thereby BANA had acquired a beneficial interest in Plaintiff's loan at that time.  (Motion to Dismiss, RJN C.)

This matter is similar to *Velazquez v. GMAC*, 605 F. Supp. 2d 1049 (C.D.Cal. 2008).  In *Velazquez*, GMAC Mortgage Corp. purchased the plaintiff's loan.  The court stated that "[a]lthough generally a party cannot be bound to a contract to which it is not a party, in some contexts assignees may be sued for breach of contract." *Id.* at 1072.  The court found that by purchasing the loan GMAC had sufficient information available to it at the time of purchase and thereby denied GMAC's Motion to Dismiss the plaintiff's fraud cause of action determining that it would not preclude the plaintiff from pursuing such a theory at the pleading stage. *Id.*

Successor in interest liability is extremely fact sensitive.  William P. O'Neill, *Advanced Issues in Strategic Alliances*, 1193 PLI/Corp. 352, 391 (July 2000).  While specific acts and omissions referenced in the FAC were committed by CHL, liability is imputed on BANA as its successor in interest and holder in due course.  (FAC ¶ 48.)  As in *Velazquez*, BANA had sufficient information available in order for this Court to deny their Motion to Dismiss.

Further, BANA's public disclosures, as reflected in its filings with the SEC, make clear that it considers itself as a common enterprise operating as a greater whole and without meaningful distinctions as to its operating units, and the successor to Countrywide and its

subsidiaries. BANA's Quarterly Report on Form 10-Q page 11 for the quarterly period that ended June 30, 2008 stated: "On July 1, 2008, the Corporation acquired Countrywide through its merger with a subsidiary of the Corporation."

It would be premature to dismiss Plaintiff's claims until further discovery can be performed because of the complexity involved in ascertaining the nature and effect of these transfers of Plaintiff's loan that have taken place. If this court finds Plaintiff's FAC does not plead facts sufficient to deny Defendants' Demurrer, Plaintiff requests that the court allow Plaintiff to amend her FAC to add additional facts in this regard.

**F.    Plaintiff's Causes of Action are Sufficient.**

**1.    Plaintiff's Claims Have a Private Right of Action.**

A private right of action may inhere within a statute when it is necessary to achieve the statute's objectives. *Cannon v. University of Chicago*, 441 U.S. 677, 683 (1979). California courts do not favor constructions of statues that render them advisory or dead letter. *Petropoulous v. Department of Real Estate*, 142 Cal. App. 4th 554, 567 (2006).

**a.    California Civil Code Section 2923.5.**

Defendants contend that Civil Code section 2923.5 contains no private right of action. While there is no express provision for private enforcement of section 2923.5, it has been determined that section 2923.5 grants the right to bring a cause of action against the lender. *Mabry*, 185 Cal. App. 4th at 225. The court in *Mabry* reasoned that Civil Code section 2923.5 is structured inherently individual, suggesting that the legislature intended to allow individual enforcement of the statute and to construe it otherwise would render it meaningless dead letter. *Id.* In addition, section 2923.5 was written as an urgency measure with section 2924g in place as an enforcement mechanism. *Id.*

**b.    California Civil Code Section 2924.**

Defendants contend that Civil Code section 2924 contains no private right of action and cite *Aspray v. Federal Home Loan Mortg. Corp.,* No. CV 11-299 PSG (DTBx), 2011 WL 1532326 (C.D.Cal. 2011). In reaching its conclusion, the court in *Aspray* did not address the reason for its conclusion other than stating that section 2924 ". . . merely sets forth the

framework for conducting non-judicial foreclosures" and then summarily dismissed it alongside Civil Code sections 2923 and 2923.5.  Oddly, the cases cited by the court in *Aspray* in support and Defendants do not directly address the question of whether 2924 contains a private right of action.  Defendants fail to cite definitive authority that section 2924 does not contain a private right of action.  The court in *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393 (E.D. Cal. Sept. 3, 2009) stated that had section 2924 may provide an independent ground for relief.  At *12 fn. 14.   Therefore, Plaintiff has stated a viable cause of action for violation of Civil Code section 2924 and Defendants' Motion to Dismiss should be overruled.

<b>c.      California Civil Code Section 2923.6.</b>

Plaintiff submits that Defendants' Motion to Dismiss Plaintiff's claim for violation of Civil Code section 2923.6 should be granted.

<b>d.      California Civil Code Section 1920.</b>

Defendants contend that Civil Code sections 1920 and 1921 contain no private right of action.  Plaintiff has not asserted a claim for violation of Civil Code Section 1921.  Plaintiff has stated a claim for Civil Code section 1920, but not as a separate claim.   Plaintiff cited Defendants' violation of this section as illustrative of unfair and deceptive business acts, cumulative with Defendants' other unfair and deceptive business acts.

<b>e.      RESPA.</b>

In light of a response to Plaintiff's QWR, Plaintiff submits that Defendants' Motion to Dismiss Plaintiffs' claim for violation of RESPA should be granted.

<b>2.      Plaintiff's Seven Claims are Timely.</b>

The cause of action does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  Cal. Code Civ. Proc. § 338(d); *Broberg  v. Guardian Life Ins. Co. of America*, 171 Cal. App. 4th 912, 920 (2009).   When "discovery" occurs is generally a question of fact.  Cal. Prac. Guide Civ. Pro. Before Tr. Stat. of Limitations Ch. 4-E.   The action therefore accrues when a Plaintiff has notice or information of circumstances sufficient to put a reasonable person on inquiry, i.e., when "plaintiff suspects or should suspect

9

<b>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS</b>

that her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1110 (1988).  The statute of limitations for the following cause of actions are:

- Fraud:  <u>Three years</u>.  Cal. Code Civ. Proc. § 338(d).
- RESPA:  <u>Three years</u> from the violation of section 2605.  12 U.S.C. § 2614.
- TILA:  <u>Three years</u> after transaction.  15 U.S.C. § 1635(f).
- Rescission:  <u>Three years</u> from TILA violation.  15 U.S.C. § 1635(f).  <u>Three years</u> from fraud.  Cal. Code Civ. Proc. § 338(d).
- Predatory Lending:  <u>Four years</u>.  Cal. Bus. & Prof. Code § 17208.
- Unfair and Deceptive Business Act Practices:  Cal. Civ. Code §§ 1920 and 1921 claims are <u>Three years</u> for an action upon a liability created by statute, other than a penalty or forfeiture.  Cal. Code Civ. Proc. § 338(a).
- Negligent Misrepresentation:  <u>Two years</u>.  Cal. Code Civ. Proc. § 339.

". . .[W]here a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered . . . .'"  *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).  Defendants informed and assured Plaintiff throughout the loan application process that she would receive a 30 year fixed mortgage with a 3-4% interest rate.  (FAC ¶ 19.)  Defendants filled out the loan application.  (FAC ¶ 21.)  Plaintiff did not fill out, review or sign a loan application prior to the day of the loan closing.  (FAC ¶ 23.)  Plaintiff told Defendants that her income was $4,703.00 per month, yet Defendants listed her income as $9,500.00 per month on the loan application.  (FAC ¶ 23.)  At the day of signing, Defendants directed Plaintiff to sign the loan documents within a fifteen minute time period.  (FAC ¶ 26.)  Plaintiff was not afforded the opportunity to review the loan documents prior to or at the time of signing.  (FAC ¶ 26.)  The loan documents were then not provided to Plaintiff until after the loan transaction was entered into, signed, recorded, and completed.  (FAC ¶ 159.)  Further, the fixed nature of the loan inherently provided no adjustment that would alert Plaintiff to a discrepancy between the loan that was represented to her and the loan that she actually obtained.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff was also not aware, as a result of Defendants misrepresentations, that her loan was a forty year loan (not thirty years) and the interest rate was 6.735% (not 3-4%). (FAC ¶ 28.) Plaintiff was not aware that her income was misstated. (FAC ¶ 28.) Plaintiff was also not aware, among other things, that the value of her home was overstated and the numerous costs associated with the loan that amounted to a substantial cost. (FAC ¶ 28.)

Defendants contend that Plaintiff's claims accrued on August 26, 2006 the day the loan closed. Thus, the time for Plaintiff to file a claim expired no later than August 26, 2010. However, the preceding acts cumulatively prevented Plaintiff from discovering the fraud committed until reviewing her loan in the last year in conjunction with action. (FAC ¶ 28.) Therefore, Plaintiff's claims have all been filed within the statutory period and are timely.

### 3.   Plaintiff's Claims Warrant Equitable Tolling.

Equitable tolling does not require affirmative conduct on behalf of the opposing party, rather it requires that the proponent of tolling could not have discovered the information essential to the claim despite the exercise of reasonable diligence. *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1185 (9th Cir. 2001). As stated in IV.F.3., *supra*, this loan originated amidst layers of concealment regarding the terms of the loan through Defendants' misrepresentations and omissions, and the fact that the loan documents were not provided by Defendants until after the loan transaction had closed. The terms that Defendants represented to Plaintiff differed from the terms that she actually received, including but not limited to the term length of the loan and the interest rate. Plaintiff's ignorance was a direct result of Defendants. There was nothing that would reasonably notify Plaintiff of the fraud perpetrated prior to her discovering the facts while reviewing her loan in the last year in conjunction with this action. (FAC ¶ 28.) Therefore, Plaintiff's claims warrant equitable tolling.

### V.   Plaintiff Stated Valid Claims.

#### A.   Plaintiff Stated a Claim for Fraud & Intentional Misrepresentation.

##### 1.   Plaintiff's Fraud Claim Satisfies Rule 9(b).

Defendants contend that the who, what, when, where, and why of fraud were not adequately pled to apprise them of their misconduct. Less specificity is required when it appears

from the allegations that the defendant possesses full information concerning the facts of the controversy. *Committee on Children's Television, Inc. v. General Foods Corps.*, 35 Cal.3d 197, 217 (1983). As stated in IV.F.2., *supra*, Plaintiff has stated with particularly the facts constituting Defendants' fraud.

CHL, the original lender and predecessor in interest to BANA (the who), represented to Plaintiff that she would receive a thirty year fixed loan with an interest rate of 3-4% (the what). (FAC ¶ 19.) These were not the terms of the loan that Plaintiff obtained. (FAC ¶ 19.) In addition, Plaintiff told Defendants and provided documentation verifying that her income was $4,703.33 per month, yet Defendants stated Plaintiff's income as $9,500.00 per month on her loan application. (FAC ¶ 28.) This occurred in or about August 2006, culminating with the signing of the loan documents on August 21, 2006 (the when). Defendants intentionally, willfully, and wantonly engaged in these acts with the purpose of deceiving Plaintiff into entering into an unaffordable loan and the intended consequence of inducing her to part with her real and personal property. (FAC ¶ 58.) Therefore, Plaintiff's fraud claim satisfies Rule 9(b).

### 2. Plaintiff Pled Misrepresentation & Intent.

As argued in V.A.1., *supra*, Plaintiff has stated the who, what, when, where and why of fraud. The what of fraud being Defendants' misrepresentations and withholding material facts regarding the loan product. Defendants' fraud was further perpetuated by their failure to provide Plaintiff with the loan documents until after the loan transaction was completed. (FAC ¶ 159.) These misrepresentations created a significant disparity between the loan that Plaintiff thought she was obtaining and the loan she actually obtained. Defendants' intent was to deceive Plaintiff into entering into an unaffordable loan with the intended consequence of inducing her to part with her real and personal property, and corresponding financial gain. (FAC ¶¶ 58-59.) Therefore, Plaintiff has pled misrepresentation and intent.

### 3. Plaintiff Pled Actual Reliance and Resulting Damages.

Defendants contend that Plaintiff failed to allege the specifics of her reliance on Defendants' misrepresentations. Throughout the FAC Plaintiff specifically identifies specific terms that were represented to her and that she relied on, and the terms as they actually existed,

and had she known that they existed as such would not have entered into the loan, including the exorbitant interest rate and the extended length of the loan term.  Plaintiff's reliance is a direct result of these misrepresentations because it formed the basis of her decision whether or not to enter into the loan.

Plaintiff has suffered damages, including but not limited to all interest paid to Defendants by Plaintiff, in addition to all the fees, penalties, and any other mounts charged by Defendants to Plaintiff. (FAC ¶ 67.)  These penalties include 5%  for any overdue  payment of principal and interest not received in fully by the end of fifteen calendar days after the date it was due.  (FAC ¶ 69.)  Therefore, Plaintiff has pled actual reliance and damages.

### 4.    Plaintiff Pled Fraudulent Concealment.

"[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612–13 (1992).

Defendants contend that they owed no duty of disclosure in the loan transaction. However, Defendants did have a legal duty under TILA and a common law duty to avoid making partial, misleading representations that concealed the material facts. *See Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 250 (2011).  Defendants represented that the loan interest rate would be 3-4%, but did not disclose that the interest rate was in fact be 6.375%.  Defendants represented the loan term as thirty years, but did not disclose that the loan term would in fact be forty years.  Defendants completed the loan application and did not provide Plaintiff with the opportunity to complete, review, or sign a loan application prior to the loan's closing.  (FAC ¶ 23.)  Thus, Defendants intentionally concealed the interest rate, loan term, and income stated on the loan application to deceive Plaintiff into entering into the unaffordable loan intending to

force Plaintiff into parting with her property.  (FAC ¶ 58.)  Had Plaintiff known these facts, she would not have entered into the loan.  Therefore, Plaintiff pled fraudulent concealment.

### B.   Plaintiff's Second, Third, and Fourth Claims.

#### 1.   Plaintiff Stated a Claim for Violation of Civil Code Section 2923.5.

As stated in IV.C., *supra*, Defendants were in violation of Civil Code section 2923.5 by not contacting Plaintiff prior to filing the notice of default.  Civil Code Section 2923.5 requires lenders to contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrowers to *avoid* foreclosure. The lender may not file a Notice of Default until 30 days after this contact and good faith discussion takes place.

The Defendants are mistaken in claiming they complied with this provision because "[Plaintiff] was in *constant* contact with Defendants since November 2008 whereby Defendants continually 'assessed Plaintiff's position' and explored alternatives to foreclosure." (Def. Mtn. Dismiss p. 15, l. 8-10).  California Civil Code § 2923.5 states, **the lender is required to contact the borrower** (1) by a first class letter that includes a toll-free number for HUD to allow the borrower to find a HUD-certified counseling agency; (2) after the letter is sent **the lender is to contact the borrower** at least three times, at three different hours and on three different days (3) **attempt to contact the borrower** with an automated system that connects borrowers to a live representative; (4) **send a certified letter to the borrower** with return receipt requested if the borrower does not respond within two weeks; (5) **provide a means for the borrower to contact the lender** in a timely manner; and (6) post a prominent link on the homepage of the internet website.  (emphasis added)  California Civil Code §§ 2923.5 & 2923.5 (g)(1)(2)(A)(B)(C)(3)(4)(5).

On or about April 16, 2009, Defendants recorded a Notice of Default on the Subject Property.  (FAC ¶ 72.)  Plaintiff alleges in her complaint that (1) Plaintiff is informed and believes Defendant did not send a first class letter that included a toll-free number for HUD; (2) Plaintiff is informed and believes Defendant did not attempt to contact Plaintiff by telephone at least three times, at three different hours of the day, and on different days; and (3) Plaintiff is informed and believe Defendant did not send a certified letter to Plaintiff with return receipt

requested.   (FAC ¶¶ 77-79.)   Defendant initiated this foreclosure proceeding without first contacting Plaintiffs, as was its duty pursuant to Civ. Code § 2923.5.  (FAC ¶ 80.)

Defendant claims it met its obligations under Civil Code § 2923.5 simply because Plaintiff actively communicated and negotiated with Defendant and Plaintiff was given a trial payment plan.   Defendant's claim is misguided.   "[S]ection 2923.5 operates substantively on lenders.  They *must* do things in order to comply with the law."  *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 221.  "The key text of section 2923.5—'key' because of the substantive obligation it imposes on lenders—basically says that a lender cannot file a notice of default until the lender has contacted the borrower . . . to 'assess the borrower's financial situation and explore options for the borrower to avoid foreclosure'".  *Id.*

Defendants also contend that Plaintiff is required to allege tender.  A borrower is not required to tender the full amount of indebtedness prior to brining an action under section 2923.5.  *Mabry*, 185 Cal. App. 4th at 225.  The right conferred by the statute is to assess and explore alternatives to foreclosure prior to a notice of default and to require the borrower to tender the full amount of indebtedness prior to enforcement of that right would defeat the purpose of the statute.  *Id.*  Therefore, Plaintiff is not requires to allege tender.

## 2.    Civil Code Section 2923.5 is Not Preempted.

Civil Code section 2923.5 is not preempted by federal law, specifically the Home Owner's Loan Act ("HOLA").  *Mabry*, 185 Cal. App. 4th at 232.  The Supreme Court in *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 541-42 (1993) noted that foreclosure is a matter of real estate property law and real property law has traditionally been the exclusive domain of the states.  *Id.* at 230.  While under HOLA, what is delineated as a matter of federal regulation and thus preempted, includes "the 'processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'"  *Id.* (quoting 12 C.F.R. § 560.2(b)(10)).  It is then logical to conclude that if foreclosure was intended to be within the preempted category of loan servicing it would have been explicit in HOLA.  *Id.* at 230-31.  Further, Civil Code section 2923.5 has been construed narrowly "to avoid crossing the line from state foreclosure law into federally preempted loan servicing."   *Id.* at 231.  Thus, relief under section 2923.5 has been

limited to just postponement, rather than requiring the lender to consider a whole new loan application.  *Id.* at 232.  Therefore, section 2923.5 claim is not preempted.

### 3.  Plaintiff Stated a Claim for Violation of Civil Code Section 2924.

As stated in IV.C., *supra*, Defendants were in violation of Civil Code section 2924 because the sale proceedings have been postponed for a period or periods totaling more than 365 days and the scheduling of any further proceedings was not preceded by giving a new notice of sale in violation of section 2924(g)(2).  (FAC ¶ 94.)

### 4.  Plaintiff's Claim for Violation of Civil Code section 2923.6.

Plaintiff submits that Defendants' Motion to Dismiss Plaintiff's claim for violation of Civil Code section 2923.6 should be granted.

### C.  Plaintiff Stated a Claim for Violation of RESPA.

In light of a response to Plaintiff's QWR, Plaintiff submits that Defendants' Motion to Dismiss Plaintiffs' claim for violation of RESPA should be granted.

### D.  Plaintiff Stated a Claim for Breach of Contract.

To state a claim for breach of contract the plaintiff must show:  (1) a contract existed, (2) the plaintiff performed his duties or was excused from performing his duties under the contract, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result of that breach.  *See Frist Commercial Mortgage, Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).  The required elements of a contract are (1) capable parties, (2) consent, (3) a lawful object, and (4) sufficient consideration. Cal. Civ. Code § 1550.

BANA offered Plaintiff a loan modification trial plan in 2011.   The BANA representative, Cynthia Figueroa, represented to Plaintiff that is she completed the three month loan modification trial plan then BANA would offer her a reasonable permanent modification.  (FAC ¶ 137.)  Plaintiff made all three trial payments of $2,293.37.  (FAC ¶ 137.)  However, BANA did not offer Plaintiff a permanent loan modification at the end of the trial payment period.  (FAC ¶ 137.)  Thus, by not offering Plaintiff a permanent loan modification after Plaintiff completed the trial plan BANA was in breach of the oral agreement.  (FAC ¶ 139.)

Defendants contend that the oral agreement is barred by the statute of frauds. Part performance allows specific enforcement of a contact that lacks the requisite writing where the statute of frauds would cause unconscionable injury. *In re Marriage of Benson*, 36 Cal.4th 1096, 1110 (2005). The relevant acts must refer to the contract or clearly relate to its terms, such that the conduct satisfies the evidentiary function of the statute of frauds by confirming that a bargain was reached. *Id.* In addition, the party seeking to enforce the contract must have changed position in reliance on the oral contract such to the extent that application of the statute of fraud would result in an unconscionable loss. *Anderson v. Stansbury*, 38 Cal.2d 107, 715. Here, Plaintiff made all three payments under the trial modification agreement in reliance that BANA would offer her a reasonable modification upon completion of the trial. Plaintiff ceased pursuit of other foreclosure alternatives, therefore changing her position in reliance on BANA's promise. As a result, Plaintiff is now faced with the unconscionable loss of her home due to the pending foreclosure proceedings. Thus, Defendants should be barred from asserting the statute of frauds and be prevented from being unjustly enriched by means of their intentional and malicious breach of the agreement. Therefore, Plaintiff stated a claim for breach of contract.

**E.**    **Plaintiff Stated a Claim for Breach of the Implied Covenant.**

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Res.2d Contracts, § 205. The "[i]mplied promise requires each contracting party to refrain from doing anything to injure the rights of the other to receive the benefits of the agreement. . . ." *Howard v. American Nat. Fire Ins. Co.*, 187 Cal. App. 4th 498, 524 (2010).

The terms of the loan imposed upon Defendants a duty of good faith and fair dealing in this matter. In November 2008, Plaintiff began contacting Defendants to inquire about loan assistance options and was informed numerous times that she was not eligible for any type of loan assistance until she defaulted on her loan. (FAC ¶ 132.) Plaintiff defaulted on her loan in reliance on Defendant's representation. (FAC ¶ 133.) Plaintiff hired three modification companies to assist her in obtaining a loan modification. (FAC ¶ 134.) Plaintiff provided all the required documentation and complied with all demands. (FAC ¶ 134.) Though Plaintiff was

eventually offered a three month trial modification in August 2011, after making six months of payments Plaintiff was offered a purported permanent modification that proved to be completely unaffordable.  (FAC ¶ 136.)  Plaintiff again was offered a three month loan modification in 2011, but after again paying pursuant to the trial modification was not offered a permanent loan modification when the trial period ended.  (FAC ¶ 134.)

Though Defendants entertained Plaintiff's modification attempts, Defendants approached the modification process in a disingenuous manner.   Plaintiff complied with Defendants' requests during the modification process, yet was continually denied without receiving a material reason for their denial.  Defendants thwarted Plaintiff's loan modification attempts by what can be described as none other than organizationally devised tactics devised to deny Plaintiff's legitimate loan modification requests, including claiming Plaintiff did not comply with Defendants' request to provide documentation when in fact Plaintiff had, and transferring Plaintiff to different departments in order to avoid Plaintiff's inquiries.

Defendants negligently and/or willfully breached the implied covenant of good faith and fair dealing with Plaintiff when Defendants instructed Plaintiff to default on her loan in order to be eligible and reviewed for loan modification assistance.   Defendants negligently and/or willfully breached the implied covenant of good faith and fair dealing with Plaintiff when Defendants ignored Plaintiff's attempts for a permanent loan modification and negligently and/or willfully failed to inform Plaintiff of the results of her loan modification applications. Defendants' negligent and/or willful efforts to thwart Plaintiff's efforts to obtain a workout solution prevented Plaintiff from fulfilling her obligations under the contract.   Therefore, Plaintiff stated a claim for breach of the implied covenant.

## F.     __Plaintiff Stated a Claim for Violation of TILA.__

The Truth In Lending Act requires certain disclosures be given to a borrower in a loan transaction.  15 U.S.C. §§ 1601 et seq.  If the borrower receives false or incomplete disclosures, the borrower has a right to rescind, which right is extended for a period of three years.  *Id*. Fraudulent concealment of the required disclosures operates to toll the statute of limitations

where a plaintiff has been injured by fraud and "remains in ignorance of it without any fault or want of diligence or care on his part." *Holmberg*, 327 U.S. at 397.

Defendants violated TILA by failing to provide Plaintiff with accurate disclosures required under TILA to fully inform borrowers of the pros and cons of mortgages and advise them to compare similar loan products with other lenders.  (FAC ¶ 157.)  In addition, Defendants failed to inform Plaintiff that she was entering into a loan that contained a higher interest rate and a much longer loan term than originally represented to Plaintiff.  (FAC ¶ 158.)  Further, Defendants failed to provide Plaintiff with the loan documents until weeks after the loan transaction was completed.  (FAC ¶ 159.)

The statutory period was tolled for Defendants' failure to effectively provide the required disclosures and notices to Plaintiffs.  (FAC ¶ 160.)  The loan terms did not contain an adjustment that would provide a reasonable alert to the discrepancy between the loan that Plaintiff believed she obtained and the loan she actually obtained because of its fixed nature.  Plaintiff was only able to discover Defendants' wrongdoing until Plaintiff began looking into her loan documents within the last year.  (FAC ¶ 167.)  Therefore, Plaintiff stated a claim for violation of TILA.

G.      **Plaintiff Stated a Claim for Rescission.**

Plaintiff is entitled to rescind the loan for 1) TILA violations; 2) failure to provide proper disclosures; 3) intentional fraudulent acts; 4) fraudulent concealment; and 5) public policy grounds, each providing an independent ground for relief.  (FAC ¶ 168.)  Defendants failed to properly disclose the details of the loan under TILA, as stated in V.F., *supra*.  (FAC ¶ 169.) Defendants did not provide the initial disclosures to Plaintiff and there was a lack of diligence to place Plaintiff in a loan that she could not afford and that would ultimately benefit Defendants. (FAC ¶ 169.)  Defendants' fraudulent acts included overstating Plaintiff's income without her knowledge and concealment of the details of the loan, as stated in V.A., *supra*.  Further, the public interest would be prejudiced by permitting the alleged contract to stand because it would reward an unscrupulous lender.  (FAC ¶ 171.)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants reiterate that Plaintiff cannot support a claim for rescission because of failure allege tender.  As stated prior in section IV.B., *supra*, Plaintiff is not required to allege tender. Therefore, Plaintiff stated a claim for rescission.

**H.   Plaintiff Stated a Claim for Predatory Lending.**

Unfair Competition Law ("UCL") defines "unfair competition" to include "any unlawful, unfair, or fraudulent business act or practice."  *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).  Fact specific or particularized pleading is not required to state a section 17200 claim.  *Quelimane Co. Inc. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 47 (1998).  In addition, "a plaintiff need not plead the exact language of every deceptive statement; it is sufficient for plaintiff to describe a scheme to mislead customers, and allege that each misrepresentation to each customer conforms to that scheme.  *Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d 197, 212-13 (1983).  The California Supreme Court has held that a court in equity "may exercise the full range of inherent powers in order to accomplish complete justice between the parties, restoring if necessary the status quo ante as nearly as may be achieved."  *People v. Superior Court*, 9 Cal.3d 283, 286 (1973).

**1.   Plaintiff Has Standing to Assert a UCL Claim.**

As result of Defendants' unfair practices, Defendants continue to hold the monies expended by Plaintiff who purchased.  Plaintiff has lost thousands of dollars in equity in her home and has paid interest and fees to Defendants as a result of their unfair and/or fraudulent business acts and/or practices.  (FAC ¶¶ 196-97.)

**2.   Plaintiff Has Alleged Wrongful Conduct.**

**a.   Plaintiff Adequately Pled Defendants' Actions were Unlawful.**

UCL incorporates other laws and treats violations of them as unlawful practices independently actionable; a violation of almost any law may serve as a basis for a UCL claim. *Saunders v. Superior Court,* 27 Cal. App. 4th 832, 838-39 (1994).

Plaintiff was not given the opportunity to read the documents at the signing, and no one explained to Plaintiff the contents of the documents prior to the date of signing.  (FAC ¶ 26.) Defendants made partial conditional representations about the loan.  (FAC ¶ 181.)  The loan was

written with grossly inflated income figures which guaranteed difficulty in the repayment of the loan and default to occur. (FAC ¶ 181.) Defendants failed to disclose that the loan payment was based on inflated income of Plaintiff by Defendants, the loan had a forty year term rather than the thirty year term sought, the interest rate was 6.735% rather than the 3-4% promised, and the cost to refinance the original loan was $48,332.39. (FAC ¶ 182.) The preceding acts constitute Actual Fraud (Civ. Code § 1572), Constructive Fraud (Civ. Code § 1573), and Deceit (Civ. Code § 1710) in violation of the applicable statutes, thus making Defendants' acts unlawful and a basis for violation of sections 17200, et seq. (FAC ¶ 180.) Therefore, Plaintiff stated that Defendants' acts were unlawful.

### b. Plaintiff Pled Defendants' Actions were Unfair.

"[A]n unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to the consumer." *People v. Casa Blanca Convalescent Homes Inc.,* 195 Cal. App. 3d 509, 530 (1984). Section 5 of the Federal Trade Commission Act prohibits "unfair methods of competition in commerce." *See* 15 U.S.C. § 43(a). The FTC requires the consumer injury to be substantial, the complained-of-practice must not be outweighed by any countervailing benefits to consumers or competition, or the injury must be one that consumers could not have reasonably avoided. *See Am. Fin. Serv. Ass'n v. F.T.C.*, 767 F.2d 957, 971 (D.C. Cir. 1985).

Defendants' omissions and misconduct constituted tortious conduct that gave Defendants an unfair competitive advantage over their competitors that did not engage in such practices. Defendants intended that Plaintiff would be misled. Defendants' failure to disclose the material omissions to Plaintiff before she entered into the loan violated established law and/or public policies which seek to promote the informed use of credit through full and complete disclosures. The harm to Plaintiff outweighs the utility, if any, of Defendants' acts and/or practices. (FAC ¶ 183.) Defendants misconduct and omissions 1) caused substantial injury to Plaintiff, 2) had no counterveiling benefit to consumers or to competition that could possibly outweigh the substantial injury; and 3) caused injury that could not have been avoided or discovered by ordinary consumers, because it resulted from Defendants' failure to disclose

and/or omission of material information that only Defendants could have known.  (FAC ¶ 184.)  Therefore, Plaintiff stated that Defendants' actions were unfair.

**c.**      **Plaintiff Pled Defendants' Actions were Fraudulent.**

The fraudulent prong in UCL prohibits any activity that is likely to deceive members of the public.  *Puentes v. Wells Fargo Home Mortgage, Inc.,* 160 Cal. App. 4th 638, 645 (2008).  The loan was marketed on the basis of fraud, exaggeration, misrepresentation, and/or concealment of a material fact and was written without due diligence.  (FAC ¶ 186.)  The loan contains terms whereby Plaintiff can never reasonably repay it.  (FAC ¶ 187.)  The loan was based on fraudulent facts concealed from Plaintiff, as she never saw or read the application.  (FAC ¶ 192.)  Plaintiff is informed and believes that in order for her to qualify for the loan her income was overstated by Defendants.  (FAC ¶ 192.)  The loan application filled out by Defendants stated that Plaintiff's income was $105,384.00 per year and Plaintiff told income that their income was $54,936.00 per year.  (FAC ¶ 28.)  Therefore, Plaintiff stated that Defendants' acts were fraudulent.

**3.**      **Plaintiff Alleged the Predatory Lending Statute.**

Defendants argue, based on an assumption, that Plaintiff were stating a claim under Cal. Fin. Code §§ 4970 et seq.  However, as stated in herein, V.H.2.b., *supra*, Plaintiff stated a claim under California Civil Code sections 1572, 1573, and 1710, and 15 U.S.C. § 43(a).

**I.**      **Plaintiff Stated a Claim for Unfair and Deceptive Business Acts.**

Unfair and Deceptive Business Practices support a private right of action for "any practices forbidden by law . . . ." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).  Defendants contend that Plaintiff's claim for unfair and deceptive business acts fails because Civil Code sections 1920 and 1921 do not create a private right of action.   As stated in IV.F., *supra*, Plaintiff has not alleged a violation of Civil Code section 1921 and Plaintiff cited 1920 as illustrative of and cumulative with Defendants unfair and deceptive business acts.

Defendants violated Civil Code section 1920 in failing to reasonably consider whether or not Plaintiff would be able to meet their mortgage obligation.  (FAC ¶ 205.)  In addition Defendants treated Plaintiff unfairly in the loan modification process.  (FAC ¶ 212.)  Plaintiff

22

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

began seeking a loan modification from Defendants in November 2008.  (FAC ¶ 206.)  CHL told Plaintiff that she was not eligible for loan modification assistance because she was current on her mortgage loan.  (FAC ¶ 206.)  Plaintiff followed Defendants' instructions and became default. (FAC ¶ 206.)  Plaintiff retained the services of three separate modification companies in an attempt to obtain a loan modification.   (FAC ¶ 207.)   Plaintiff provided all the required documentation and complied with all demands of BANA.  (FAC ¶ 206.)  In August 2009 though Plaintiff was offered a three month trial modification, the trial lasted six months and resulted in an unaffordable permanent modification offer.  (FAC ¶¶ 209-10.)  In 2011, Plaintiff was again offered a three month trial modification, but after making all the required payments Plaintiff was not offered a permanent loan modification.  (FAC ¶ 211.)  Furthermore, Defendants violated Civil Code section 2923.5 in not contacting Plaintiff prior to filing of the notice of default to evaluate Plaintiff's economic state and explore foreclosure alternatives.  (FAC ¶ 213.)

Such practices are immoral, unethical, oppressive, unscrupulous and substantially injurious to the consumer, an unfair and deceptive business act practice.  *See Casa Blanca Convalescent Homes Inc.*, 159 Cal. App. 3d at 530.  Such acts are also directly in violation of recent legislatively declared policy enacted specifically to protect homeowners, and not burden homeowners with tactics afforded to lenders to accumulate increased interest and late charges, fitting directly within the definition of an unfair business practice in *Gregory v. Albertsons, Inc.*, 104 Cal. App. 4th 853-54 (2002) (holding the allegedly unfair business practice must be 'tethered' to a legislatively declared policy.)  Therefore, Plaintiff stated a claim for unfair and deceptive business act practices.

**J.    Plaintiff Stated a Claim for Negligent Misrepresentation.**

A claim for negligent misrepresentation requires "1) a representation as to a material fact; 2) that the representation is untrue; 3) that the defendant made the representation without a reasonable ground for believing it to be true; 4) an intent to induce reliance; 5) justifiable reliance by the plaintiff who does not know that the representation is false; and 6) damage." *Bear Stearns & Co. v. Daisy Sys. Corp.*, 97 F.3d 1171, 1180 (9th Cir. 1996) (citing *Masters v. San Bernardino County Employees Retirement Ass'n*, 32 Cal. App. 4th 30, 40 n. 6 (1995)).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendants represented to Plaintiff that the loan would have a thirty year term and an interest rate of 3-4%.  (FAC ¶ 28.)  Those representations proved to be inaccurate, as Plaintiff received a loan with a forty year term and an interest rate of 6.375%.  (FAC ¶ 28.)  In addition, the loan application filled out by Defendants stated that Plaintiff's income was $105,384.00 per year and Plaintiff told income that their income was $54,936.00 per year.  (FAC ¶ 28.)  Being that Plaintiff told Defendants what her income was and provided documentation to verify it, there was no reasonable ground for them to believe that it was true.  (FAC ¶ 28.)  The intent was to induce Plaintiff into entering in the subject loan which Plaintiff could not afford, cause Plaintiff to incur excessive fees and costs, and foreclose on the Subject Property.

The conventional argument that lenders do not owe borrowers a duty of care is not absolute.  *See Nymark v. Heart Fed. Savings & Loan Ass.*, 231 Cal. App. 3d 1089, 1096 (1991).  In *Watkinson v. Mortgageit, Inc.*, No. 10-CV-327-IEG (BLM), 2010 WL 2196083 (E.D.Cal. June 1, 2010) the defendant overstated the plaintiffs' income on the loan application knowing that it was false.  *Id.* at *8.  The court determined that "[t]aking these allegations as true, Defendant arguably owed Plaintiff a duty of care in processing Plaintiff's loan application."  *Id.* at 8.  The court reasoned that:

> [t]he transaction at issue was undoubtedly 'intended to affect the plaintiff' in that the outcome of the loan application determined what type of loan Plaintiff would qualify for.  Likewise, it was readily foreseeable that misstating the amounts on the application and providing Plaintiff with a loan for which he was not qualified would potentially harm Plaintiff in that it increased the likelihood that he would default on the loan.  The injury to Plaintiff is also certain because Plaintiff lost an opportunity to obtain a loan that he could afford and there are now foreclosure proceedings instituted against him.  All of these factors weigh in favor of finding a duty of care in this case.  *Id.*

Thereby, Defendants here owed Plaintiff a duty of care.  Incident to this duty is Plaintiff's reasonable reliance on the representations made by Defendants.  Plaintiff has been damaged in the loss of equity in her house, costs and expenses relating to protecting herself, reduced credit scores, and unavailability of credit.  (FAC ¶ 239.)  Therefore, Plaintiff stated a claim for negligent misrepresentation.

### K.      Plaintiff Stated a Claim for Quiet Title.

An action for quiet title requires (1) a description of the property, (2) the title which the plaintiff seeks and the basis of the title, (3) the adverse claims to the title against which the plaintiff seeks a determination sought, (4) the date of which the determination is sought; (5) the prayer for the determination of the title which plaintiff seeks.  Cal. Code Civ. Proc. § 761.010. Defendants contend that Plaintiff has not alleged her basis for title, the adverse interests she is seeking to quiet title against and which party holds the claims asserted against her title.

Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone.  The adverse claims are those of BANA and anyone else claiming an interest, estate, right, title or interest in the Subject Property as a result of Defendants' fraud, wrongful conduct, and failure to adhere to the strict statutory requirements to effectuate a foreclosure sale of the Subject Property, thus rending the foreclosure proceedings void and invalid.  (FAC ¶¶ 245-46.)

Defendants reiterate that Plaintiff's claim fails for failure to allege tender.  As stated prior in section IV.B., *supra*, Plaintiff is not required to allege tender.  Therefore, Plaintiff stated a claim for quiet title.

## VI.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss, set a date in which Defendants must answer the Complaint, and further set this case for trial.   In the alternative, Plaintiff requests the court allow her sufficient time to amend their Complaint to allege additional facts sufficient to plead inadequately pled claims against these Defendants.


Dated:  August 3, 2012                          CONSUMER LITIGATION LAW CENTER, APC


                                        BY: */s/ SEPTEMBER J. KATJE*              
                                             September Katje
                                             Attorney for Plaintiff,
                                             SHARON BROTHERS