IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON BROTHERS,<br><br>        Plaintiff(s),<br>v.<br><br>BANK OF AMERICA, N.A., et. al.,<br><br>        Defendant(s).<br>_____/ | CASE NO. 5:12-cv-03121 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE**<br><br>[Docket Item No(s). 13] |

## I. INTRODUCTION

On August 6, 2006, Plaintiff Sharon Brothers ("Plaintiff") obtained a mortgage loan in the amount of $560,000 secured by real property located in Watsonville, California. See Amended Complaint ("FAC"), Docket Item No. 11, at ¶¶ 17-18. Plaintiff defaulted on the loan in 2008, and foreclosure proceedings were commenced. See id., at ¶¶ 29-30.

Plaintiff initiated the instant case in Santa Cruz County Superior Court on May 14, 2012, alleging irregularities in the origination of her loan and in the foreclosure process itself. See Not. of Removal, Docket Item No. 1, at Ex. 1. Defendants Bank of America, N.A., Countrywide Home Loans, Inc., Recontrust Company, N.A., and Bank of New York Mellon ("Defendants") removed the action to this court on June 18, 2012. See id. Plaintiff thereafter filed the FAC on July 5, 2012. See Docket Item No. 11.

As it currently stands, jurisdiction in this court arises under 28 U.S.C. §§ 1331 and 1367. See Not. of Removal, Docket Item No. 1, at ¶¶ 3-4. Presently before the court is Defendants'

1  Motion to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Docket Item
2  No. 13.  Plaintiff has filed written opposition.  The court finds this matter suitable for decision
3  without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for
4  September 28, 2012, will be vacated and the Motion to Dismiss will be granted as to the federal
5  claims.  This case will also be remanded to the superior court for the reasons stated below.[1]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

Claims which sound in fraud are subject to a heightened pleading standard.  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where 'the object of the conspiracy is fraudulent.'").  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz, 476 F.3d at 764.  In other words, these claims must generally contain more specific facts than is

---

[1] Defendants' Request for Judicial Notice ("RJN," Docket Item No. 14) is GRANTED.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

necessary to support other causes of action.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III. DISCUSSION

The FAC contains fourteen causes of action. Only the fifth cause of action under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et. seq.*, as well as the eighth and ninth causes of action under the Truth In Lending Act ("TILA"), 12 U.S.C. § 1601 *et. seq.* arise under federal law.[2] Since the cited basis for this court's jurisdiction is the presence of a federal question, the court addresses those causes of action primarily and finds each of them subject to dismissal without a basis for leave to amend. See Not. of Removal, Docket Item No. 1, at ¶¶ 3-4.

### A. RESPA

Plaintiff alleges Defendants violated § 2605 of RESPA when they failed to respond to a qualified written request ("QWR") and validation of debt. See FAC, at ¶¶ 124-125.

RESPA requires loan servicers to respond to QWRs from borrowers which request "information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A). "'Servicing' means receiving any scheduled periodic payments from a borrower . . . and making the payments of

---

[2] Although some of Plaintiff's state-law causes of action are based on alleged violations of the Home Affordable Modification Program ("HAMP"), "no federal question [is] presented merely because [Plaintiff's] state law claims may incorporate or turn upon allegations of HAMP violations." Carlos v. Bank of America Home Loans, No. 10-1966, 2011 U.S. Dist. LEXIS 6211, at *3, 2011 WL 166343 (C.D. Cal. Jan. 13, 2011).

3
CASE NO. 5:12-cv-03121 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

principal and interest and such other payments with respect to the amounts received from the borrower." 12 U.S.C. § 2605(i)(3). A QWR is a "written correspondence" that "includes, or otherwise enables the servicer to identify the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

"A plaintiff alleging violation of § 2605 must show: (i) that the servicer failed to adhere to the rules governing a QWR; and (ii) that the plaintiff incurred 'actual damages' as a consequence of the servicer's failure." Givant v. Vitek Real Estate Indus. Group, Inc., No. 2:11-cv-03158-MCE-JFM, 2012 U.S. Dist. LEXIS 98542, at *21, 2012 WL 2912357 (E.D. Cal. July 16, 2012). "These damages must flow from the failure of the servicer to provide the information sought by the plaintiff through the QWR." Id.

Here, Plaintiff alleges that she sent Defendants the QWR and a validation of debt on January 26, 2012, but provides little more. See FAC, at ¶ 124. This is problematic for many reasons. First, Plaintiff does not distinguish which defendant was the appropriate entity to receive the QWR. This fact is important because only loan servicers are required to respond to QWRs per the express terms of the statute. See 12 U.S.C. 2605(e)(2) ("Not later than 60 days . . . after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the *servicer* shall . . . ."); see also 12 U.S.C. § 2605(i)(2) ("The term 'servicer' means the person responsible for servicing of a loan . . . ."). Any defendant served with a QWR who was not servicing Plaintiff's loan at the time was not obligated to respond, and therefore cannot be liable under these particular allegations.

Second, Plaintiff has not provided a copy of the QWR or alleged its content. She only vaguely alleges that "Defendants did not properly comply with proper delivery procedures under RESPA." See FAC, at ¶ 123. It is therefore unknown from the FAC whether Plaintiff provided sufficient detail as required by 12 U.S.C. § 2605(e)(1)(B) in order to trigger a response from the appropriate defendant. Moreover, a violation of RESPA's "delivery procedures" does not appear to fall under the definition of "servicing" as contained in 12 U.S.C. § 2605(i)(3). In any event, it is

4
CASE NO. 5:12-cv-03121 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

unlikely the QWR could relate to loan servicing when it was sent in January, 2012, since, at that point, Plaintiff had been in default since sometime in late 2008, and the foreclosure process had commenced in April, 2009. See FAC, at ¶ 30; see also RJN, at Ex. B. The "servicing" of Plaintiff's loan was no longer an issue when the QWR was sent nearly three years later.

Third, Plaintiff's recitation of damages is entirely insufficient. Plaintiff alleges that as a direct result of Defendants' failure to respond to the QWR, she was "damaged in the amount of ongoing penalties, fees and interest charged by Defendants." See id. at ¶ 127. These damages do not flow from any lack of response to the QWR; to the contrary, these "damages" are a result of Plaintiff's failure to make loan payments.

Plaintiff has utterly failed to plead a cause of action under RESPA. Based on the number of deficiencies, most of which are insurmountable, the court finds that allowing for amendment of this claim would be futile. It will therefore be dismissed without leave to amend.

**B.    TILA**

Plaintiff has included two causes of action for violations of TILA, one for damages and one for rescission, based on Defendants' alleged failure to provide certain disclosures during the loan origination process. See id. at ¶¶ 157, 167. Both claims are time-barred.

TILA contains specific timeframes for the initiation of claims. As relevant here, a claim for damages under TILA must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). A claim for rescission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

According to the allegations contained in the FAC, Plaintiff finalized the loan at issue in August, 2006. See FAC, at ¶ 18. Thus, a timely claim for damages under TILA should have been filed no later than August, 2007, and a timely claim for rescission should have been filed no later than August, 2009. Since Plaintiff did not initiate this action until May 14, 2012, the request for rescission under TILA is absolutely barred because that claim cannot be equitably tolled. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[TILA] provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon

5
CASE NO. 5:12-cv-03121 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; REMANDING CASE

the sale of the property, whichever occurs first,' even if the required disclosures have never been made.").

A request for damages under TILA, however, is only presumptively time-barred absent allegations that support an equitable exception. 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Beach, 523 U.S. at 417-18 (discussing the "stark" difference in the limiting language of § 1640(e) and § 1635(f)). "Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted).

Plaintiff does not necessarily disagree that the damages claim is untimely under the applicable statute of limitations, but instead attempts to invoke the doctrine of equitable tolling in her opposition to the Motion to Dismiss. Specifically, Plaintiff argues that misrepresentations and omissions during the loan process prevented Plaintiff from discovering the statutory violations. The problem with this argument, however, is that the actual allegations in the FAC do not support and are insufficient to establish an equitable exception to the limitations period. See Marzan v. Bank of America, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011) (citing 389 Orange St. Partners v. Arnold, 179 F. 3d 656, 662 (9th Cir.1999)) ("Where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.") In particular, the FAC does not contain any facts explaining why Plaintiff had no reasonable opportunity to discover the facts underlying the alleged disclosure violations or the increased interest rate and loan term. These facts are particularly important considering the violations alleged would be apparent from the face of the loan documents, which Plaintiff alleges were provided to her after the loan was completed. See FAC, at ¶ 159; see also Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) ("[N]othing prevented [Plaintiff] from comparing the loan contract, [Defendants'] initial disclosures, and TILA's statutory and regulatory requirements."). Moreover, an unexpected increase in the interest rate or loan term would be apparent from the monthly loan statements.

In addition, Plaintiff does not explain how she diligently pursued a TILA claim. Although Plaintiff alleges significant contact with Bank of America in connection with a loan modification, she does not indicate how these contacts constitute diligence to pursue claims on her part.

Plaintiff has failed to support a credible claim for equitable tolling. The alleged disclosure violations are not enough. Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."). This is true despite the fact that "the applicability of equitable tolling depends on matters outside the pleadings." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003 (9th Cir. 2006). Accordingly, the eighth and ninth causes of action are dismissed without leave to amend, as the court finds allowing for amendment under these circumstances would be futile.

### C. Supplemental Jurisdiction

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

"[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Having determined that Plaintiffs' three federal claims should be dismissed without leave to amend, all that remains are causes of action based in state law. As such, the court finds that state-law issues substantially predominate at this point and declines to exercise supplemental jurisdiction over those remaining claims. This case will therefore be remanded to the state court from which it originated.

### IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss (Docket Item No. 13) is GRANTED. The fifth, eighth and ninth causes of action are DISMISSED WITHOUT LEAVE TO AMEND.

1  Since the court declines supplemental jurisdiction over the remaining state law claims, this case is

2  REMANDED to Santa Cruz County Superior Court.

3  The hearing and Case Management Conference scheduled for September 28, 2012, are

4  VACATED. The motion to appear by telephone (Docket Item No. 25) is DENIED AS MOOT.

5  The clerk shall close this file.

6  **IT IS SO ORDERED.**

Dated: September 26, 2012



EDWARD J. DAVILA
United States District Judge

Since the court declines supplemental jurisdiction over the remaining state law claims, this case is REMANDED to Santa Cruz County Superior Court.

The hearing and Case Management Conference scheduled for September 28, 2012, are VACATED. The motion to appear by telephone (Docket Item No. 25) is DENIED AS MOOT.

The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 26, 2012



EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California